IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward L. Spence**,** | ) | C/A No.: 3:15-3770-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The Scattered, Commingled, Unidentified, Wrecked, and (for finders-right purposes) Abandoned, Vessels and Jetsam, located within an area enclosed by a line running from 27°08'N, 79°12'W to 27°24'N, 79°07'W to 27°23.9'N, 78°38.43'W and returning to 27°08'N, 79°12'W, excluding any portion of same within the 12 mile limits of the Territorial Sea of any sovereign nation, | ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the motion of Edward L. Spence ("Plaintiff") for an order appointing substitute custodian [ECF No. 3] of the scattered, commingled, unidentified, wrecked, and (for finders-right purposes) abandoned, vessels and jetsam, located within an area enclosed by a line running from 27°08'N, 79°12'W to 27°24'N, 79°07'W to 27°23.9'N, 78°38.43'W and returning to 27°08'N, 79°12'W, excluding any portion of same within the 12 mile limits of the territorial sea of any sovereign nation ("Abandoned Wreckage").

The court has reviewed the motion, verified complaint, and other pleadings submitted by Plaintiff, and finds: (1) Plaintiff is qualified to serve as the substitute custodian of the Abandoned Wreckage and the artifacts recovered therefrom ("Salvaged

Artifacts"); (2) Plaintiff is willing to assume the responsibility of safekeeping the Abandoned Wreckage and Salvaged Artifacts; (3) by assuming the role of substitute custodian, Plaintiff releases the United States and the UNITED STATES Marshal from any and all liabilities and responsibilities arising out of the care and custody of the Abandoned Wreckage and Salvaged Artifacts and agrees to hold harmless and indemnify the United States and the UNITED STATES Marshal from any and all claims whatsoever arising out of his possession of the Abandoned Wreckage and Salvaged Artifacts [ECF No. 3 at ¶ 12; 3-1]; and (4) pursuant to the certificate of appointment filed by Plaintiff [ECF No. 3-1], he will pay all costs and expenses incidental to the keeping of the Abandoned Wreckage and Salvaged Artifacts and will not seek any compensation from the United States or the UNITED STATES Marshal.

The court, therefore, grants Plaintiff's motion for order appointing substitute custodian [ECF No. 3] and appoints Plaintiff as the substitute custodian of the Abandoned Wreckage, its Salvaged Artifacts, and any additional artifacts recovered from the Abandoned Wreckage. Plaintiff is to retain custody of these items for possession and safekeeping until further order of this court.  Plaintiff shall be responsible for all costs associated with fulfilling his role as substitute custodian, as well as any costs incurred by the UNITED STATES Marshal prior to surrendering possession of the Abandoned Wreckage and Salvaged Artifacts to Plaintiff as substitute custodian.

The UNITED STATES Marshal is authorized and directed to surrender the possession of the Abandoned Wreckage and Salvaged Artifacts to Plaintiff as substitute custodian and, upon such surrender, the UNITED STATES Marshal is discharged from

the duties and responsibilities for the safekeeping of the Abandoned Wreckage and Salvaged Artifacts and held harmless by any party for any and all claims whatsoever out of said substitute possession and safekeeping.

Nothing in this order is to be construed as a release of the Abandoned Wreckage or the Salvaged Artifacts under Fed. R. Civ. P. E(5). If the Abandoned Wreckage and Salvaged Artifacts have not been released within 14 days of execution of process, Plaintiff is ordered to file a motion for service by publication. Such publication must comply with Fed. R. Civ. P. C(4).

IT IS SO ORDERED.

October 14, 2015                                             Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge