IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Edward L. Spence, | ) | C/A No.: 3:15-3770-TLW-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| The Scattered, Commingled, Unidentified, Wrecked, and (for finders-right purposes) Abandoned, Vessels and Jetsam, located within an area enclosed by a line running from 27°08'N, 79°12'W to 27°24'N, 79°07'W to 27°23.9'N, 78°38.43'W and returning to 27°08'N, 79°12'W, excluding any portion of same within the 12 mile limits of the Territorial Sea of any sovereign nation, | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | |

This matter is before the court on the motion of Edward L. Spence ("Plaintiff") for summary judgment [ECF No. 21], seeking a determination that Plaintiff is the true and exclusive owner of the scattered, commingled, unidentified, wrecked, and (for finders-right purposes) abandoned, vessels and jetsam, located within an area enclosed by a line running from 27°08'N, 79°12'W to 27°24'N, 79°07'W to 27°23.9'N, 78°38.43'W and returning to 27°08'N, 79°12'W, excluding any portion of same within the 12 mile limits of the territorial sea of any sovereign nation ("Abandoned Wreckage").

Plaintiff has filed with the court a complaint in admiralty claiming title to the Abandoned Wreckage under the common law of finds and as a result of his exercising possession of the wreckage. [ECF No. 1]. On October 14, 2015, the court entered orders

appointing Plaintiff substitute custodian of the Abandoned Wreckage and directing the United States Marshal to arrest the Abandoned Wreckage. [ECF Nos. 11, 12]. On December 7, 2015, Plaintiff filed an Affidavit of Publication [ECF No. 20-1] verifying that notice of this action was published in *The State* on November 18–20, 2015, in accordance with Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Pursuant to the published notice, "[a]ny person having or claiming an interest in or to [the Abandoned Wreckage] must file a claim with the court within 14 days after the last date of publication of this notice . . . ." [ECF No. 20, 20-1]. The deadline of December 4, 2015, has passed and no party has presented any claim adverse to Plaintiff.

Accordingly, it is recommended that the court enter an order confirming title to the Abandoned Wreckage in Plaintiff as the true and exclusive owner and relieving the United States Marshal of any further obligation of supervision over defendant Abandoned Wreckage and any artifacts recovered therefrom.

IT IS SO RECOMMENDED.

December 9, 2015  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).