IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Edward L. Spence, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>The Scattered, Commingled, Unidentified, )<br>Wrecked, and (for finders-right purposes) )<br>Abandoned, Vessels and Jetsam, )<br>located within an area enclosed by )<br>a line running from 27°08'N, 79°12'W )<br>to 27°24'N, 79°07'W to )<br>27°23.9'N, 78°38.43'W and returning to )<br>27°08'N, 79°12'W, excluding any portion )<br>of same within the 12 mile limits of the )<br>Territorial Sea of any sovereign nation, )<br>*in rem*, )<br>)<br>      Defendant. )<br>) | Civil Action No.: 3:15-3770-TLW |

**ORDER**

The Plaintiff, Edward L. Spence ("Plaintiff"), filed the instant action by Verified Complaint in admiralty seeking a determination that Plaintiff is the true and exclusive owner of "the scattered, commingled, unidentified, wrecked, and (for finders-right purposes) abandoned, vessels and jetsam, located within an area enclosed by a line running from 27°08'N, 79°12'W to 27°24'N, 79°07'W to 27°23.9'N, 78°38.43'W and returning to 27°08'N, 79°12'W, excluding any portion of same within the 12 mile limits of the territorial sea of any sovereign nation" (hereinafter the "Abandoned Wreckage"). (Doc. #1). On October 14, 2015, the Court entered an Order appointing Plaintiff as substitute custodian of the Abandoned Wreckage (Doc. #11) and an Order directing the United States Marshal to arrest the Abandoned Wreckage (Doc. #12).

On December 7, 2015, Plaintiff filed a Motion for Summary Judgment (Doc. #21) and an Affidavit of Publication (Doc. #20; 20-1) confirming that notice of the above-captioned action was

published in The State newspaper on November 18, 19, and 20, 2015, in accordance with the Court's directive (Doc. #18) as well as with Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Plaintiff's Affidavit states that the publication in The State regarding the above-captioned action stated that "[any] person having or claiming an interest in or to [the Abandoned Wreckage] must file a claim with the court within 14 days after the last date of publication of this notice . . . ." (Doc. #20-1). The period within which to present an adverse claim with regard to the Abandoned Wreckage at issue in this case expired on December 4, 2015. No claim was filed by any person or party.

This matter now comes before the Court for review of the Report and Recommendation ("the Report") issued on December 9, 2015 by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #22). In the Report, the Magistrate Judge recommends that this Court grant Plaintiff's motion for summary judgment (Doc. #21) and enter an Order confirming that title to the Abandoned Wreckage lies truly and exclusively with Plaintiff. (See Doc. #22). Additionally, the Magistrate Judge recommends that this Court enter an Order relieving the United States Marshal of any further obligation of supervision of the Abandoned Wreckage and any artifacts recovered therefrom. (Doc. #22). Attached to the Magistrate Judge's Report and Recommendation (Doc. #22) was a Notice advising the parties of the right to file objections to the Report and Recommendation. (See Doc. #22 at 3). No party filed objections to the Magistrate Judge's Report. The deadline to file objections expired on December 29, 2015. (See Doc. #22).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in

whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This Court has carefully reviewed the Magistrate Judge's Report and Recommendation, the relevant filings, and the record in this case. After careful consideration, this Court concludes that the Report is factually and legally correct in finding that Plaintiff is the true and exclusive owner of the Abandoned Wreckage pursuant to the common law of finds and the law of salvage. Accordingly, for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #22), and Plaintiff's motion for summary judgment (Doc. #21) is **GRANTED**. Plaintiff holds title to the above-described Abandoned Wreckage. The United States Marshal is hereby relieved of any further obligation of supervision of the Abandoned Wreckage.

**IT IS SO ORDERED**.

s/ Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

June 16, 2016  
Columbia, South Carolina